**FAY, United States Attorney, v. HUNSTER.**

Civil Action No. 30013.

United States District Court,
District of Columbia.

Nov. 16, 1948.

George Morris Fay, U. S. Atty., and Sidney S. Sachs, Asst. U. S. Atty., both of Washington, D. C., for plaintiff.

George E. C. Hayes, of Washington, D. C., for defendant.

MORRIS, District Judge.

This matter is before the Court upon petition of the substitute trustee for instructions respecting the payment of monies and property in the estate of Salvadora Elizabeth Smith, deceased. The deceased left a last will and testament, in which, among other things, it was provided:

"Upon the death of my said brother, William Shermont Smith, I direct my Executor and Trustee named in this will, to sell all of the real estate and convert the same into cash, and I direct the said Executor and Trustee hereinafter named, to then pay over all of the estate so accumulated to the Pastor of the Holy Redeemer Catholic Church, located at 206 New York Avenue, Northwest, in the District of Columbia, on condition that the said Pastor shall use the total estate so bequeathed to him to purchase a suitable home for aged colored people of the District of Columbia, or to use so much of said fund as in his discretion will purchase a suitable home for such purpose and to use the balance of said fund, if any, after said purchase, to maintain and support said home. It is my wish and desire that said home shall be established as a non-sectarian home, and that all denominations shall have equal rights and privileges to the use and benefit of said home so established under the provisions of my will."

Because of the insufficiency of the proceeds to establish the home in accordance with the terms of the will, the church declined to accept the trust. The trustee named in the will renounced, and a substitute trustee was appointed. Susan L. Hunster, as the sole heir at law and next of kin of Salvadora Elizabeth Smith, deceased, claims that, the trust having failed, it should be considered that the deceased died intestate in so far as the money and property which would have gone to said trust is concerned, and, therefore, such property should pass to her. The United States Attorney, on behalf of the unknown beneficiaries of the trust, pursuant to statutory authority,[1] insists that the doctrine of cy pres should be applied and the trust funds used for the purpose as near as may be for the benefit of "aged colored people of the District of Columbia." Three institutions are suggested by him, the contribution of the funds to any of which

[1] D.C.Code, Title 20, Sec. 701 (1940 Edition).

would, it is contended, carry out the dominent purpose of the original trust.

■ The doctrine of cy pres is recognized in this jurisdiction and should be applied where it is applicable and effectuates the dominant purpose of the testator, if that can be done, even when the particular mode prescribed by the testator is impracticable or impossible of fulfillment. I cannot agree that the contribution of the fund here involved to any of the institutions suggested, or any similar institutions, would carry out the dominant purpose of the testatrix as reflected in her will. It seems clear that she desired the establishment of a home for aged colored people of the District of Columbia in addition to any then existing. Had she felt that her wishes would be accomplished by the contribution of the funds to any of the institutions existing at the time of her death, clearly she would have provided for such contribution to such institution. The distinctions which characterize the gift provided for in the will and the several institutions suggested as the recipient of the gift under the doctrine of cy pres are well discussed in a memorandum brief filed on behalf of the claimant heir, and need not here be repeated. The trust has failed, and in so far as the funds in the estate relate thereto, it will be considered that said deceased died intestate.

■ A further question in the petition for instructions relates to that part of the income of the property of the deceased which during his life time was to be paid to her brother, William Shermont Smith, who is now deceased. It appears that certain of the income was not paid to the said William Shermont Smith during his life, and the accumulation of such unpaid income is now in the hands of the substitute trustee. Such accumulated income, which should have been paid to William Shermont Smith during his life time, should be paid to his personal representative, and is not to be considered a part of the property which is hereby directed to be paid to the heir and next of kin of Salvadora Elizabeth Smith, deceased.

Counsel will prepare orders to carry these decisions into effect.